IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RAYMOND JENKINS #F43478** | § |
| | § |
| **V.** | §   A-11-CA-1093-LY |
| | § |
| **FORMER PRESIDENT GEORGE W.** | § |
| **BUSH, DICK CHENEY,** | § |
| **CONDOLEEZZA RICE, GEORGE J.** | § |
| **TENET, and COLIN L. POWELL** | § |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his civil complaint, Plaintiff was confined in Norco, a California Department of Corrections and Rehabilitation facility. Plaintiff alleges: (1) George Bush put attacks together on the USA and had a relationship with Iran; (2) Dick Cheney helped former President George W. Bush with the terrorists attacks on the United States; (3) Condoleezza Rice also helped with the attacks; and (4) George J. Tenet and Colin L. Powell also helped and did not stop the "don't ask don't tell" policy. Plaintiff further alleges:

> On Tuesday September 11, 2001 began as one of those spectacular pre fall day on the East Coast Sunny Temperatures in the 70s light winds and the sky a vivid light blue Former Presiden[t] George W Bush Traveling in Florida which Mr Bush know about the attacks on the United States. The war over money and oil to. people life what Kill For money and oil others with more secret many people Loves one would Kill you have Tape Record From IRAN and Mr BUSH Talk About the Terrorist attacks[.]

He further alleges:

> In Addition him interviewed more than 100 people involved in the decision making and execution of the war including Former President Bush Key war cabinet member the white House Staff Bush kills Thousend [sic] or people in the military for money and oil. CIA Headquarters for Bush himself a former DCI earmarked more money with IRAN for oil. Not for a war BUSH Lie to the people. It was desiGned to increase Humint and make covert action.

Plaintiff requests the Court to file criminal charges and order former President Bush to pay $500 billion.

### DISCUSSION AND ANALYSIS

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

A court may dismiss a claim as factually frivolous only if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir. 1995). Plaintiff's claims fall within this category, and his complaint should be dismissed as frivolous.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of January, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE